IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No.  05-cv-00711-LTB-MJW

MARLYS RATHBUN,

Plaintiff,

v.

QWEST COMMUNICATIONS INTERNATIONAL, INC., and
THE QWEST TELEPHONE CONCESSION PLAN,

Defendants,

v.

COMMUNICATIONS WORKERS OF AMERICA, ASSOCIATION OF US WEST
RETIREES, and MARY M. HULL,

Intervenor Defendants.

_____

ORDER
_____

The defendant Qwest Communications International, Inc. ("Qwest") administered the Qwest Telephone Concession Plan ("Plan"), by which it allowed for retired, former employees discounted telephone service to those who resided within its coverage area and reimbursements to those who lived without.  Qwest terminated the program on January 1, 2004.  This and other class-action lawsuits ensued.  First, intervenor defendants Association of US West Retirees ("AUSWR") (US West was Qwest's predecessor in interest) and Mary M. Hull, AUSWR's President, filed, prosecuted, and compromised a class action premised upon the assertion that termination of the Plan constituted a breach of contract.

In September, 2004, Marlys Rathbun, a Qwest retiree, filed this action (05-cv-00711-LTB-MJW), arguing that the Plan was governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA") and that Qwest's termination of it violated ERISA. Finally, on December 9, 2005, Ms. Rathbun's husband, Leroy, filed a separate action (05-cv-02503-WYD-PAC) in this Court on behalf of the spouses of Qwest retirees, pressing ERISA claims. Ms. Rathbun moves for consolidation of her husband's action, now stayed, with this case. The motion is adequately briefed and oral argument would not materially aid its resolution. For the reasons stated below, I GRANT the motion.

Qwest perceives the attempt to consolidate these cases as a procedural ploy. Ms. Rathbun, it points out, allowed the deadline for amendment of pleadings in this case, established pursuant to Fed. R. Civ. P. 16(b)(1), to expire before her husband filed his own suit. Qwest argues that the Rathbuns should not be allowed to accomplish by consolidation what they were too late to achieve by means of amendment and that this motion should therefore be analyzed as an amendment out of time. It cites the rule that "the court must ensure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints." *Hartsel Springs Ranch of Colorado v. Bluegreen Corp.*, 296 F.3d 982, 990 (10th Cir. 2002) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977)).

On Qwest's view, the Rathbuns are to be treated as the same party for the purposes of Rule 16 and must demonstrate good cause for modification of the scheduling order in this case. However, the Rathbuns are not the same person. Nor can Mr. Rathbun's suit be viewed as an attempt by Ms. Rathbun to expand her procedural rights. *Bluegreen Corp.*, 296 F.3d at 990. Ms.

2

Rathbun derives her claim from her status as a former Qwest employee.  Mr. Rathbun, by contrast, derives any rights he might enjoy from his status as a spouse of a Qwest retiree. Depending upon whether spouses are ultimately included within the class Ms. Rathbun hopes to certify here, the two claims might be considered either together or separately.  *Id*.

Thus, Ms. Rathbun is partially correct in her argument that she and her husband are neither identical parties nor in privity with one another.  Though Qwest retirees and their spouses must demonstrate entitlement to a benefit on independent grounds, some questions are common to both sets of claims.  Specifically, any determination whether the Plan is governed by ERISA may be dispositive of all of the claims.  This determination is the primary object of the first phase of this action and the parties here have expended considerable time and effort to resolve the constituent issues.  It would serve no practical purpose to re-open litigation of the question. Indeed, any such regression would constitute just the sort of procedural evasion against which the *Walton* court warned.  This prospect can be avoided by staying Mr. Rathbun's claims until resolution of the parties' motions for summary judgment, now pending, on the question whether the Plan comes under ERISA.

If the defendants believe that limited discovery will be necessary to resolve the question of spousal class certification, they may move for leave, stating specifically what discovery they intend to conduct and on what ground it will be required.  Otherwise, they shall respond to that portions of Ms. Rathbun's pending amended motion for class certification in which she seeks inclusion of retirees' spouses.

3

Accordingly, it is ORDERED that:

1) the motion to consolidate is GRANTED;

2) Civil Action Number 05-cv-00711-LTB-MJW and Civil Action Number 05-cv-02503-WYD-PAC are consolidated;

3) the defendants shall, within 30 days, brief the question whether Ms. Rathbun's putative class might properly include spouses, as asserted in her amended motion to certify a class; and

4) the claims asserted in former 05-cv-02503-WYD-PAC are stayed pending resolution of the parties' summary judgment motions.

Dated: May   23  , 2006, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge